**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MEDPORT LA, LLC** | **CASE NO.** |
| **VERSUS** | **JUDGE** |
| **WRIGHT GRAY HARRIS, LLC, et al.** | **MAGISTRATE JUDGE** |

**VERIFIED COMPLAINT AND REQUEST FOR WRIT OF SEQUESTRATION**

Plaintiff, Medport LA, LLC avers the following in support of its Complaint and Request for Writ of Sequestration:

**PARTIES**

1.

Plaintiff, Medport LA, LLC ("Medport), is a limited liability company organized under the state laws of and domiciled in the State of Nevada.

2.

Defendant, Wright Gray Harris, LLC ("Wright & Gray"), is a law firm and limited liability company domiciled in the State of Louisiana with a principal place of business in New Orleans, Louisiana.

3.

Defendant, Jaseline Bonilla, is a person the full age of majority and a resident of the State of Louisiana.

4.

Defendant, Jasmine Bonilla, is a person the full age of majority and a resident of the State of Louisiana.

5.

Defendant, Stacia Caston, is a person the full age of majority and a resident of the State of Louisiana.

6.

Defendant, Debra Dancy, is a person the full age of majority and a resident of the State of Louisiana.

7.

Defendant, Jemeyia Marshall, is a person the full age of majority and a resident of the State of Louisiana.[1]

## JURISDICTION AND VENUE

8.

Jurisdiction is properly vested in this Court pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds the jurisdictional threshold.

9.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1), as this action is brought in the judicial district wherein multiple defendants reside. Venue is also proper in this judicial district, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in territory of the United States District Court for the Eastern District of Louisiana, including Orleans Parish.

---

[1] The Defendants named in Paragraphs 3 through 7 of this Complaint are referred to as the "Client-Defendants."

## **BACKGROUND**

10.

Jaseline Bonilla was involved in a personal injury accident and was represented in a lawsuit by Wright & Gray.

11.

In connection with the accident and lawsuit, Jaseline Bonilla received medical treatment from medical provider MD Medical.

12.

For this treatment, MD Medical charged Jaseline Bonilla the rate of $1,000.

13.

Jasmine Bonilla was involved in a personal injury accident and was represented in a lawsuit by Wright & Gray.

14.

In connection with the accident and lawsuit, Jasmine Bonilla received medical treatment from medical provider MD Medical.

15.

For this treatment, MD Medical charged Jasmine Bonilla the rate of $1,000.

16.

Jessica Bullock was involved in a personal injury accident and was represented in a lawsuit by Wright & Gray.

17.

In connection with the accident and lawsuit, Jessica Bullock received medical treatment from medical provider DIS – Diagnostic Imaging Services.

18.

For this treatment, DIS – Diagnostic Imaging Services charged Jessica Bullock the rate of $3,450.

19.

Stacia Caston was involved in a personal injury accident and was represented in a lawsuit by Wright & Gray.

20.

In connection with the accident and lawsuit, Stacia Caston received medical treatment from medical providers DIS – Diagnostic Imaging Services and Louisiana Pain Specialists.

21.

For this treatment, DIS – Diagnostic Imaging Services charged Stacia Caston the rate of $5,175 and Louisiana Pain Specialists charged Stacia Caston the rate of $670.

22.

Debra Dancy was involved in a personal injury accident and was represented in a lawsuit by Wright & Gray.

23.

In connection with the accident and lawsuit, Debra Dancy received medical treatment from medical providers Northshore Pathology, Lake Surgical Hospital Slidell, LLC, Dr. Joseph Boucree Jr., and Northlake Anesthesiologists.

24.

For this treatment, Northshore Pathology charged Debra Dancy a reasonable and customary rate in the amount of $564.27, Lake Surgical Hospital Slidell, LLC charged Debra

4

Dancytherate of $204,499.50, Dr. Joseph Boucree Jr. charged Debra Dancy the rate of $120,900, and Northlake Anesthesiologists charged Debra Dancy the rate of $2,990.

25.

Jemeyia Marshall was involved in a personal injury accident and was represented in a lawsuit by Wright & Gray.

26.

In connection with the accident and lawsuit, Jemeyia Marshall received medical treatment from medical provider American Health Imaging, Inc.

27.

For this treatment, American Health Imaging, Inc. charged Jemeyia Marshall the rate of $4,595.

28.

Pursuant to La. R.S. § 9:4751 *et seq*., each of the aforementioned medical providers had lien rights and privileges for each of the aforementioned charges on the amount of any recovery from each of the aforementioned defendants' personal injury claims.

29.

Medport is a medical factoring company that purchases the accounts receivables of medical providers who choose to sell their accounts in personal injury cases.

30.

Medport purchased from each of the aforementioned medical providers each of the accounts receivables relating to each of the aforementioned charges.

31.

Each of the aforementioned medical providers assigned their lien rights and privileges relating to each of the aforementioned charges to Medport.

32.

Pursuant to La. R.S. § 9:4751 *et seq.*, Medport provided timely, effective written notice to Wright & Gray and/or each of the Client-Defendants that each of the aforementioned medical providers had assigned their lien rights and privileges relating to each of the aforementioned charges to Medport. Medport's written notices for accounts regarding Jaseline Bonilla are attached as Exhibit A. Medport's written notices for accounts regarding Jasmine Bonilla are attached as Exhibit B. Medport's written notices for accounts regarding Jessica Bullock are attached as Exhibit C. Medport's written notices for accounts regarding Stacia Caston are attached as Exhibit D. Medport's written notices for accounts regarding Debra Dancy are attached as Exhibit E. Medport's written notices for accounts regarding Jemeyia Marshall are attached as Exhibit F.

33.

Wright & Gray, as counsel for each Client-Defendant, settled each Client-Defendants' personal injury lawsuit.

34.

Each settlement included funds for reimbursement of medical costs, including the amounts charged by each aforementioned medical provider.

35.

In connection with each settlement, Wright & Gray and/or each Client-Defendant received settlement funds.

36.

Medport has demanded, multiple times, from Wright & Gray and/or each Client-Defendant payment for the accounts receivables purchased by Medport relating to each of the aforementioned charges.

37.

To date, neither Wright & Gray nor any of the Client-Defendants have paid Medport any amounts due under any of the aforementioned accounts.

## I – BREACH OF CONTRACT, ENFORCEMENT OF LIEN AND PRIVILEGE RIGHTS, AND/OR CLAIM FOR PAYMENT OF FUNDS RECEIVED

38.

Medport adopts and incorporates by reference the previous paragraphs as though alleged fully herein *in extenso*.

39.

Wright & Gray and/or each Client-Defendant was obligated to pay the aforementioned reasonable and customary charges.

40.

The Client-Defendants' medical providers assigned their lien rights and privileges to Medport. Accordingly, Wright & Gray and/or each Client-Defendant was obligated to pay Medport for the medical charges.

41.

Each Client-Defendant received reimbursement for their medical costs when Client-Defendant settled their personal injury claims with the assistance of their counsel, Wright & Gray.

42.

As counsel for each Client-Defendant, Wright & Gray received the funds from each settlement for each Client-Defendant.

43.

Despite notice and demand from Medport, Wright & Gray and each Client-Defendant, to date, have failed to pay Medport for the medical charges from the funds received from each settlement.

## II – REQUEST FOR WRIT OF SEQUESTRATION

44.

Medport adopts and incorporates by reference the previous paragraphs as though alleged fully herein *in extenso*.

45.

Louisiana law recognizes that sequestration is warranted when a plaintiff claims a privilege against the property of a defendant and "it is within the power of the defendant to conceal, dispose of, or waste the property or the revenues therefrom, or remove the property from the parish, during the pendency of the action." La. C.C.P. art. 3571.

46.

Throughout this action, Medport seeks to enforce its lien and privilege rights against the property that are in possession of the Defendants. The funds subject to Medport's lien and privilege rights are either being held in Wright & Gray's client trust account, or have been paid out by Wright & Gray to the Client-Defendants.

47.

Medport, as the holder of lien rights and privileges pursuant to La. R.S. § 9:4751 *et seq.*, is the owner, and is entitled to possession of, amounts totaling $339,668.77.

48.

It is within the power of the Defendants to conceal, dispose of, or waste the funds during the pendency of the action.

49.

To protect its lien rights and privileges, it is necessary that a writ of sequestration be issued in accordance with La. C.C.P. art. 3571, *et seq.*, directing the United States Marshall to seize and to hold $339,668.77 from Defendants until further order from this Court. Pursuant to Rule 64 of the Federal Rules of Civil Procedure, "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment."

50.

Therefore, on the basis of the allegations above, verified by the Declaration of Doris Pranicevic, Medport's representative, Medport respectfully prays for recognition of its lien rights and privileges and issuance of a writ of sequestration.

**Verification**

51.

As shown by the attached Declaration, the foregoing allegations are true and correct and within the jurisdiction of this Court.

**WHEREFORE**, Plaintiff, Medport LA, LLC, prays that each of the Defendants be duly cited and served with a copy of this Complaint and be commanded to respond thereto, and that, after all due proceedings, there be judgment rendered in favor of Medport and against Defendants for relief including, but not limited to:

a. Enforcement of Medport's lien rights and privileges, pursuant to La. R.S. § 9:4751 *et seq.*, for each of the reasonable and customary charges for medical treatment referenced in the Complaint;

b. Full payment for each of the reasonable and customary charges for medical treatment referenced in the Complaint;

c. Issuance of a writ of sequestration directing the United States Marshall to seize and to hold $339,668.77 from Defendants until further order from this Court.

d. Pre- and post-judgment interest; and

e. Any other relief in law and/or equity that this Court deems appropriate.

/s/ James M. Garner

JAMES M. GARNER, #19589
RYAN O. LUMINAIS #30605
CURTIS J. CASE, #39413
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, 28th Floor
New Orleans, Louisiana 70112-1033
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
jgarner@shergarner.com
rluminais@shergarner.com
ccase@shergarner.com
**ATTORNEYS FOR PLAINTIFF MEDPORT LA, LLC**