UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MEDPORT LA, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-582** |
| **WRIGHT GRAY HARRIS, LLC, ET AL.** | **SECTION: D(4)** |

## ORDER

On March 26, 2025, Plaintiff Medport LA, LLC filed a Verified Complaint and Request for Writ of Sequestration, as well as an accompanying Motion for Issuance of Writ of Sequestration.[1] In its Complaint, Plaintiff alleges that this Court has diversity jurisdiction based upon 28 U.S.C. § 1332(a)(1).[2] While the Complaint contains sufficient allegations regarding the amount in controversy, it fails to properly allege the citizenship of any of the parties.

In its Complaint, Plaintiff alleges that it "is a limited liability company organized under the state laws of and domiciled in the State of Nevada."[3] To properly allege the citizenship of an LLC, however, Plaintiff must identify each of the members of the limited liability company and then must properly allege the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c).[4] Without the benefit of this information, the Court cannot properly assess Plaintiff's citizenship.

Nor does Plaintiff properly allege the citizenship of any of the Defendants. Plaintiff alleges that Wright Gray Harris, LLC is a "limited liability company domiciled in the State

---

[1] R. Docs. 4 and 2.
[2] R. Doc. 4 at ¶ 8.
[3] *Id.* at ¶ 1.
[4] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

of Louisiana with a principal place of business in New Orleans, Louisiana."[5]  For the same reasons Plaintiff's allegations as to its own citizenship are deficient, Plaintiff's allegations as to the citizenship of Wright Gray Harris, LLC are likewise deficient.  Plaintiff further alleges that each of the remaining Defendants, all of whom are alleged to be individuals, are *residents* of the State of Louisiana.[6]  These allegations of citizenship are insufficient because, as the Fifth Circuit has explained, "citizenship and residence . . . are not synonymous terms."[7]  This is because one's "[c]itizenship requires not only 'residence in fact' but also 'the purpose to make the place of residence one's home.'"[8]  Thus, Plaintiff's allegations as to the residences of the individual Defendants do not allow this Court to determine whether it has diversity jurisdiction over this matter.

The Court further notes that Plaintiff failed to file a disclosure statement, as required by Federal Rule of Civil Procedure 7.1.  Rule 7.1 provides, in pertinent part, the following:

> In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement.  The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor:
>     (A) when the action is filed in or removed to federal court, and
>     (B) when any later event occurs that could affect the court's jurisdiction under § 1332(a).[9]

Rule 7.1 further provides that a party must file the disclosure statement "with its first appearance, pleading, petition, motion, response, or other request addressed to the court."[10]

---

[5] R. Doc. 1 at ¶ 2.
[6] *Id.* at ¶¶ 3-7.
[7] *MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (internal quotations, citation, and brackets omitted).
[8] *Id.* (quoting *Texas v. Florida*, 306 U.S. 398, 424 (1939)).
[9] FED. R. CIV. P. 7.1(a)(2).
[10] FED. R. CIV. P. 7.1(b)(1).

The Court cannot be certain that it has jurisdiction over this matter until it has the foregoing information.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall have **seven (7) days** from the date of this Order to file a disclosure statement pursuant to Fed. R. Civ. P. 7.1(a)(2)[11] and to file a comprehensive amended complaint, without further leave of Court, properly setting forth the citizenship particulars of all of the parties, as required to establish that the Court has diversity jurisdiction over this case under 28 U.S.C. § 1332(a). The comprehensive amended pleading shall include all of Plaintiff's numbered allegations, as revised, supplemented, and/or amended, which will become the operative complaint in this matter without reference to any other document in the record. **Failure to comply with this Order may result in dismissal of the Complaint**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Issuance of a Writ of Sequestration[12] is **DENIED without prejudice** until the Court can be sure that it has jurisdiction to hear this matter.

New Orleans, Louisiana, March 27, 2025.

**WENDY B. VITTER**
**United States District Judge**

---

[11] A form for the disclosure statement can be found at the following website: https://www.laed.uscourts.gov/forms/all-forms.
[12] R. Doc. 2.